IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAY REED                                                                                              PLAINTIFF

V.                                                             CIVIL ACTION NO. 4:14-CV-176-SA-JMV

CHIEF PATRICK JOHNSON,
ADMINISTRATOR ZAKIYA FIELDS,
CITY OF SHELBY, MISSISSIPPI POLICE DEPARTMENT, and
OFFICER A. WILLIAMS                                                                           DEFENDANTS

MEMORANDUM OPINION

Plaintiff Ray Reed initiated this suit alleging that he was subjected to an illegal search while residing at Shelby Health and Rehabilitation Center. He named as Defendants the facility administrator Zakiya Fields, the Shelby Police Department, a Shelby Police Officer, and the Shelby Police Chief. Currently pending is Defendant Fields' Motion to Compel Arbitration [15]. Relative to that motion, the Court held a bench trial on February 18, 2016, solely to determine whether Reed signed an arbitration agreement upon intake into the facility. After considering all the trial evidence, the Court finds as follows:

*Factual and Procedural Background*

Reed was admitted to Shelby Health and Rehabilitation Center on May 10, 2013. As part of the intake process, Reed signed an admission agreement and various other intake documents. His name also appears on an agreement to arbitrate any claims against the facility or its agents, but Reed denies that he signed the arbitration agreement.

At some point between May and July 2013, the facility discharged Reed to St. Dominic-Jackson Memorial Hospital. After a proceeding in the Hinds County Chancery Court, he was ordered back to Shelby Health and Rehabilitation Center, which readmitted him on July 24,

2013. As Defendant Fields and Reed both testified, Reed signed another agreement upon admission that incorporated the earlier agreements he allegedly signed in May 2013.

To resolve the pending motion, the Court conducted a bench trial to decide whether Reed signed the agreement. This opinion sets forth Court's findings and conclusions from that trial. In a separate opinion issued later this day, the Court will address the remaining issues raised by the papers accompanying Fields' motion to compel.

*Discussion and Analysis*

The Federal Arbitration Act provides that written provisions for arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. State law governing contracts may be applied to invalidate an arbitration provision "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996) (quotation omitted). In accord with Mississippi law, Reed argues that he did not sign the arbitration document, and that no agreement to arbitrate exists. *See Cmty. Bank of Miss. v. Stuckey*, 52 So.3d 1179, 1182 (Miss. 2010) (affirming denial of motion to compel arbitration where trial court found that plaintiff did not sign arbitration agreements).

At the outset, the Court notes various other documents submitted by the parties that Reed acknowledged signing. These include the admissions documents at Shelby Health and Rehabilitation Center, intake documents from another facility Oasis Health and Rehab of Yazoo City, and documents filed by Reed in other court proceedings. Reed's purported signature on the arbitration agreement has recognizable differences from some of the signature samples submitted (e.g., document filed on August 5, 2013 in Bolivar County Circuit Court), but it is substantially

similar to other signature samples (e.g., documents filed on May 3, 2013 in Yazoo County Circuit Court). On the whole, the Court finds the appearance of the signatures to be inconclusive as to whether Reed signed the arbitration agreement.

Reed based much of his trial argument on a previous arbitration agreement that he signed upon intake into Oasis Health and Rehab Center of Yazoo City. Reed explained that he "learned [his] lesson" from signing the Oasis agreement, and that because of this, he would never have signed another arbitration agreement. Earlier in his testimony, however, Reed explained that he did not remember signing the Oasis agreement until defense counsel brought it to his attention.[1]

Defendant Fields' primary witness was Chasity Kitchens, the Director of Social Services and Admissions at Shelby Health and Rehabilitation Center. Kitchens testified that she completed the admissions paperwork with Reed in her office on May 10, 2013. She explained that both she and Reed signed the general admissions agreement, the subject arbitration agreement, and various other documents.[2] Kitchens stated that she personally watched Reed sign each document.

Kitchens gave explanation for two corrected errors from the May 10 intake documents. On the arbitration agreement, she originally wrote "4/10/13" but changed the date to "5/10/13" and initialed the correction. Additionally, on Reed's general admission agreement, Kitchens accidently printed a different resident's name at the top of three pages. Kitchens testified that on each page, she crossed out the incorrect name, substituted Reed's name, and initialed the change.

Reed attempted to use these corrections and other impeachment evidence to discredit Kitchens' testimony. According to Reed, a now deceased individual told him that "Mark Odom

---

[1] In an August 2015 hearing before Judge Virden, Reed represented that he had never signed an arbitration agreement.

[2] The other intake documents included Shelby Health and Rehabilitation Center's alcohol use policy, informed choice document, Vulnerable Persons Act disclosure, voting status document, and request for financial information.

3

of corporate" instructed Kitchens how to alter a document, specifically by changing the name of a different resident to Reed's name on an unspecified document or documents. Notwithstanding the obvious hearsay concerns of the alleged conversation, the Court does not find this chain of statements to be evident of a forgery. As discussed above, Kitchens acknowledged that she amended the general admission agreement (which Reed undisputedly signed) by crossing out a pre-printed name and substituting Reed's. No similar alteration appears on the subject arbitration agreement. Thus, the alleged conversation between Odom and Kitchens does not appear to concern the contested signature, and if anything, is consistent with Kitchens' trial testimony.

Reed also sought to demonstrate Kitchens' dishonesty by citing her involvement during commitment proceedings involving Reed in Bolivar County Chancery Court in 2013. Kitchens signed the affidavit seeking to have Reed committed. She is also noted as the affiant on the examining physicians' certificate, which states that Reed had been evaluated by Dr. Michael Montesi and Dr. Steven Clark, and which was signed by both physicians.

After holding a commitment hearing, the Bolivar County Chancery Court found that Reed had not in fact been "properly evaluated" by a medical professional, and that commitment was premature. At trial in this matter, Reed suggested that Kitchens knew he had not been evaluated but nonetheless represented that he had.

There is no evidence that Kitchens made such a misrepresentation. At trial, she explained the following:

> The only thing I did, Mr. Reed, was go to the courthouse and fill out the papers for commitment. I had nothing to do with the physicians signing those papers. I did not sign those papers. The physicians did.

This is consistent with the commitment affidavit Kitchens signed, in which she averred that Reed was mentally ill. Nowhere does the affidavit refer to any medical evaluation concerning

Reed. And there is no evidence Kitchens signed any other document in that chancery proceeding. Thus, the Court assesses little impeachment value to the Bolivar County Chancery Court documents as they relate to Kitchens' testimony about Reed's signature on the arbitration agreement.[3] On the whole, the Court perceived Kitchens to be a thorough and truthful witness, and accords her testimony significant weight.

For these reasons and after reviewing all other testimony and documentary evidence, the Court finds from a preponderance of the evidence that Ray Reed signed the arbitration agreement at issue in this case.

*Conclusion*

The Court determines that Reed signed the subject arbitration agreement. This finding will be incorporated into the Court's broader analysis on Fields' Motion to Compel Arbitration [15]. A separate order to this effect will issue this day.

SO ORDERED, this 9th day of March, 2016.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**

---

[3] Reed did not produce these commitment documents at trial, and the Court allowed him additional time to supply them. Reed asked to reserve the right to recall Kitchens and cross-examine her once the documents had been made available. Upon review of the relevant documents and the trial testimony, the Court finds it unnecessary to conduct an additional hearing.