IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAY REED                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 4:14CV176-SA-JMV

CHIEF PATRIC JOHNSON, *et al*.                                                    DEFENDANTS

MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment [74], filed March 20, 2017. Plaintiff, proceeding pro se, did not respond to the motion.

*Facts and Procedural History*

This suit arises from allegations that Officer A. Williams of the Shelby Police Department unlawfully searched Reed's residence at the Shelby Health and Rehabilitation Center. According to the complaint, Reed woke up on July 19, 2014 to find Officer Williams in his room. Reed alleges he asked Officer Williams "Why are you in my room? I didn't call for you," but that Officer Williams searched Reed's closet, suitcase, and drawers for evidence of illegal narcotics. Reed complains that he requested to see a warrant, and that Officer Williams retorted, "My gun is my warrant."

Reed contended that Defendant Fields, the administrator of Shelby Health and Rehabilitation Center, initiated the search. Fields moved to compel arbitration, and the Court held a bench trial on February 18, 2016 to determine whether Reed had signed the agreement. Ultimately, the Court found that Reed signed the subject arbitration agreement, that it was not void for unconscionability or unenforceable for lack of available forum. Accordingly, the Court ordered that the claims against Fields be dismissed and sent to arbitration.

Reed's remaining claim is against Municipal Defendants for violation of his Fourth Amendment right to be free from unlawful searches. He advances this claim against the City of Shelby as well as against Chief Johnson and "Officer A. Williams," both in their individual capacities. However, Reed has been unable or unwilling to participate in discovery regarding his Section 1983 claim. Therefore, Municipal Defendants filed a Motion to Dismiss, citing Reed's continued failure to comply with orders from the Court. Defendants request that the Court sanction Reed with dismissal of his claims under either Rule 41(b) or Rule 37 of the Federal Rules of Civil Procedure. Alternatively, Defendants seek summary judgment on Plaintiff's Section 1983 claims under Rule 56.

Because the Court finds Defendants' summary judgment motion dispositive, the Court decides this case on the merits instead of examining the other requests.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a

2

genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when ... both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Even though the Plaintiff did not respond to the instant summary judgment motion, Rule 56 makes it clear that there is "no summary judgment by default" and the lack of a response by the Plaintiff does not alter the Court's summary judgment inquiry. *See* FED. R. CIV. P. 56(e) advisory committee notes to 2010 amendments. Summary judgment may only be granted if it is appropriate to do so. *See* FED R. CIV. P. 56(a). "Although '[a] motion for summary judgment cannot be granted simply because there is no opposition' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

*Analysis and Discussion*

At the outset, the Court notes that Plaintiff has consistently failed to participate in discovery and has not complied with the Court's orders. Plaintiff's responses to written discovery were due no later than September 8, 2016. However, on October 19, Defendants' counsel sent Plaintiff a letter informing him that they had not received his responses or document production. The letter requested that Reed send responses by October 31, 2016, so as to avoid extending the discovery deadlines. However, the Municipal Defendants did not receive a response. Therefore, Defendants' attorney sent another letter, this time asking that Reed sign a

3

good faith Certificate no later than November 14, 2016. When Plaintiff did not send discovery, Municipal Defendants filed a Motion to Compel, and the Court granted. The Court ordered Plaintiff to respond to the requests no later than January 25, 2017. Defendants then wrote to Plaintiff in order to determine if he would agree to seek an extension of the discovery and motions deadlines, but Plaintiff never responded to this request either.

On January 25, 2017, Plaintiff filed a document consisting of a single page, advising that someone named Nate McMullen had his legal materials. Having received that document, Municipal Defendants sought an extension of the discovery and motion deadlines in order to further await written discovery from Plaintiff. The Court extended the discovery deadline to March 6, 2017, and the motions deadline to March 20, 2017. However, despite this additional time, Plaintiff has not directly responded to Defendants' written discovery requests or to any effort made by Defendants' to confer with him.

*Section 1983*

Plaintiff's first federal claim against the City of Shelby alleges that prior to the incident in question, Shelby Police officers entered his room upon several occasions without permission and looked through his personal possessions. He also claims that Chief Patrick Johnson participated in at least one such unlawful entry and search. Additionally, he asserts that Johnson, being Chief, is in charge of Shelby, Mississippi Police Department. Therefore, according to Plaintiff, because he "sets and enforces the policies of the Department," Johnson's participation in the alleged illegal entries and searches as well as knowledge of them imputes liability to the Shelby Police Department and the City of Shelby itself.

It is well established that a city is not liable under Section 1983 on the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.

2d 611 (1978). Instead, to establish municipal liability under Section 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." *See Id.*, 436 at 691, 98 S. Ct. 2018. A plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir.2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

The existence of a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority. *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003). Otherwise, "a single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir. 2000). However, this "single incident exception" is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker. *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)).

Plaintiff attempts to allege the first two elements in his complaint. He appears to proceed on the theory that Chief Johnson, as a policy maker, has promulgated a policy of requiring searches in his room, indicated by his presence in the room.

However, because Plaintiff failed to respond to the Motion for Summary Judgment or produce any discovery, he failed to produce any evidence in support of his claim that his constitutional rights were violated. "When the movant has made a properly supported motion for summary judgment by demonstrating an absence of evidence to support the non-movants' case," as the Defendant did, the non-movants must "go beyond the pleadings and by . . . affidavits, or

by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'" *Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994) (quoting FED. R. CIV. P. 56(e)) (citing *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. 2553). Accordingly, Plaintiff had the burden of presenting evidence sufficient to demonstrate the existence of a question of material fact on whether the Municipal Defendant violated his constitutional rights. He did not do so. This Court has no duty to "sift through the record in search of evidence to support" the nonmovant's opposition to summary judgment. *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016) (citing *Forsyth*, 19 F.3d at 1537) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

As Plaintiff has failed to provide evidence of a constitutional violation, his individual claims against "Officer A. Williams" and Chief Johnson must also fail. Qualified immunity "shields government officials from . . . liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *See Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012). To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

While Plaintiff has alleged that his Fourth Amendment rights were violated, he has not provided any evidence as to this occasion, or any argument for why his claim should not be dismissed. Conclusory allegations, without more, are insufficient to overcome summary judgment. *See Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (court does not accept conclusory allegations, unwarranted deductions, or legal

6

conclusions); *Jones v. Alcoa Inc.*, 339 F.3d 359, 363 n.4 (5th Cir. 2003) ("conclusory allegations or unwarranted deductions of fact" not accepted as true).

*Conclusion*

Because Plaintiff has provided no evidence to support his Section 1983 claims, and Defendant's evidence is uncontroverted, there exists no genuine dispute of material fact. Therefore, Defendant's Motion for Summary Judgment [74] is GRANTED. Plaintiff's 1983 claims are hereby dismissed, for he has presented no evidence as to his allegations. CASE CLOSED.

SO ORDERED this, the 25th day of May 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE